**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRUCE LYNN COLLINS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Case No. CIV-11-653-F |
| | ) |
| **JOSEPH TAYLOR, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss (Doc. 8) the petition on the ground that it is moot. Petitioner has filed a response (Doc. 9), and the matter is at issue. For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

**A.  PETITIONER'S HABEAS CORPUS CLAIM**

According to Petitioner, he asserted his Fifth Amendment privilege to remain silent during an FBI investigation and prison officials charged and convicted him of refusing to

cooperate. Doc. 1, p. 4;[1] Doc. 1-1, pp. 2-4. The disciplinary conviction resulted in the loss of 120 earned credits, which Petitioner seeks to have restored. Doc. 1-1, pp. 3, 12.[2]

After Petitioner filed the instant petition, prison officials set aside the misconduct conviction and restored Petitioner's 120 earned credits. *See* Doc. 8, p. 1 & Ex. 1, p. 3 & Ex. 4. Petitioner states that he "does not object to the 120 days earned credits that were restored" and now seeks only "legal costs." Doc. 9, p. 2.

## B. THE LACK OF CASE OR CONTROVERSY

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). In order for a case or controversy to exist under this constitutional provision, Petitioner must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

Here, Petitioner agrees that "[the] loss of earned credits were restored by the respondents," Doc. 11, and he does not challenge Respondent's assertion that as a result, the petition challenging the misconduct conviction is moot. *See* Docs. 9, 11. Given the current status of Petitioner's disciplinary proceeding, there is no longer a controversy

---

[1]The petition is mispaginated; therefore the undersigned has referred to the Court's CM/ECF pagination.

[2]Petitioner alleges that the disciplinary conviction is invalid because: 1) he had a constitutional right to remain silent, 2) the hearing officer lacked sufficient evidence to convict, and 3) the misconduct was a form of retaliation. Doc. 1-1, pp. 7-12.

which could be resolved by this Court. Accordingly, the undersigned recommends a finding that the habeas petition is moot.

## C. PETITIONER'S REQUEST FOR PREVAILING PARTY FEES

Petitioner "object[s] to the cost associated with these proceedings" and citing Fed. R. Civ. P. 54(d)(1) requests "that he be reimbursed by the Oklahoma Department of Corrections in the amount of $342.90." Doc. 9, p. 1; *see also* Docs. 10, 11, 12. The undersigned finds this request lacking merit.

A similar request was made to this Court in *Dulworth v. Evans*, CIV-05-1106-F. There petitioner sought habeas relief, respondent subsequently restored the relevant earned credits, and the Court dismissed the habeas petition as moot. *See Dulworth v. Evans*, CIV-05-1106-F, Doc. 36, p. 2. Petitioner sought "prevailing party" fees, and this Court rejected the request on grounds that for there to be a "prevailing party," there must be a "'judicially sanctioned change in the legal relationship of the parties.'" Doc. 36, p. 3 (citing *Buckhannon Bd. and Care Home, Inc. v. W.D. Okla. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)). Because respondent "voluntarily gave petitioner what he asked for in his petition," and petitioner did not receive "a judicially sanctioned change in the legal relationship of the parties," the Court denied the request for court costs *Id.*, pp. 3-4.

The same outcome would apply here, as Respondent voluntarily restored Petitioner's earned credits. Accordingly, the undersigned would recommend denying Petitioner's motion for court costs.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of Habeas Corpus (Doc. 1) be dismissed as moot, and Petitioner's request for court costs be denied (Doc. 9, 10, 11, 12, 14). Should the Court adopt this recommendation, Petitioner's motions for an order to issue in the instance case should also be denied as moot (Doc. 10, 11, 12, 14).

Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 6th day of February, 2012. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 17th day of January, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE